AIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NetSocket, Inc., *Plaintiff*, v. Cisco Systems, Inc., *Defendant*. | CIVIL ACTION NO. 2:22-CV-00172-JRG |

**CISCO SYSTEMS, INC.'S 12(b)(6) MOTION TO DISMISS**

**I.     INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Cisco Systems, Inc. ("Cisco") respectfully moves to dismiss Plaintiff NetSocket, Inc.'s ("NetSocket") Complaint for failure to state a claim of induced, contributory, and willful infringement of U.S. Patent Nos. 7,616,601 (the "'601 patent") and 7,190,698 (the "'698 patent") (together, the "Asserted Patents"). *See* Dkt. No. 1 ("Complaint"). ***First***, NetSocket's pre-suit induced, contributory, and willful infringement claims should be dismissed because NetSocket fails to allege that Cisco had any knowledge of the Asserted Patents before the filing of the Complaint. ***Second***, NetSocket's pre-suit and post-suit induced infringement claims should be dismissed because they fail to allege that Cisco had any specific intent to induce infringement. ***Third***, NetSocket's pre-suit and post-suit contributory infringement claims fail because NetSocket does not provide any evidence to support its conclusory allegation that the accused products have no "substantial non-infringing uses" or that the accused products or any particular components are a material part of the invention. NetSocket's induced, contributory, and pre-suit willful infringement claims should thus be dismissed in their entirety.

**II.    FACTUAL BACKGROUND**

NetSocket filed its Complaint against Cisco on May 24, 2022, accusing Cisco "routers running IOS 15 and above and related networking components, and all like products" ("Accused Products") of infringing the Asserted Patents. Dkt. 1 at ¶¶ 1, 24. The Asserted Patents are generally related to delivering Quality of Service (QoS) by controlling traffic in a telecommunications system with limited network capacity. *Id*. at ¶¶ 27, 59.

For the '601 patent, NetSocket's direct and indirect infringement claims provide no evidence supporting any pre-suit knowledge or specific intent to induce infringement:

> Cisco manufactures, imports, sells and offers to sell a Multiprocessor WAN Application Module (MWAM) and Catalyst 6500 and 7600 Series routing platforms, which when used together provide Quality of Service (QoS) within a mobile telecommunication system (the "Cisco QoS System") in the United States and encourages distributors to sell, offer to sell, and use, and encourages Cisco's customers to use, the Cisco QoS System.

*Id.* at ¶ 28. In a similarly conclusory fashion, NetSocket alleges that Cisco "has had knowledge of and notice of the '601 patent and its infringement since before the filing of this Complaint" and that Cisco offers to sell and sells the Cisco QoS System "with the intent for its customers to use the Cisco QoS System in an infringing manner." *Id.* at 29. For its contributory infringement claims, NetSocket alleges that Cisco sells the Cisco QoS Systems "knowing the same to be especially made or especially adapted for use in an infringement of the '601 Patent" and that "[t]he Cisco QoS Systems are not staple articles or commodities of commerce suitable for any substantial non-infringing uses." *Id.* at ¶ 54.

With respect to the '698 patent, NetSocket alleges infringement based on Cisco's "Internetworking Operating System ("IOS") versions 12 and above" that provides QoS as part of an internetwork system. *Id*. at ¶ 60. NetSocket reiterates the same conclusory statements about pre-suit knowledge and intent to induce infringement of the '698 patent as with the '601 patent. *Compare id.* at ¶ 29 *with* ¶ 61. And its allegations of contributory infringement with respect to the '698 patent are the same boilerplate statements made for the '601 patent. *Compare id.* at ¶ 71 *with* ¶ 54.

With respect to willful infringement, NetSocket alleges that Cisco's infringement of Asserted Patents "has been and continues to be deliberate and willful, entitling NetSocket to an award of treble damages, reasonable attorney's fees, and costs in bringing this action." *Id*. at ¶¶ 55, 72.

## III. LEGAL STANDARD

### A. Rule 12(b)(6)

Rule 12(b)(6) requires that a complaint contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); FED. R. CIV. P. 12(b)(6). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

### B. Induced Infringement

To properly plead a claim of induced infringement under 35 U.S.C. § 271(b), a complaint must plead facts that the defendant (1) specifically intended a third party to infringe plaintiff's patent and (2) knew that the third party's acts constituted infringement. *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006). Additionally, a plaintiff must allege a specific intent to induce infringement, which can be shown as "evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Id*. at 1306. "[M]ere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement" are required. *Id*. at 1305.

### C. Contributory Infringement

To establish contributory infringement, a complaint must plead facts plausibly showing "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010) (citing 35 U.S.C. § 271(c)). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337.

### D. Willfulness

To plead willful infringement, a plaintiff "must show the accused infringer had a specific intent to infringe at the time of the challenged conduct." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016)). "Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement." *Id*. at 988.

## IV. ARGUMENT

### A. The Court Should Dismiss NetSocket's Pre-Suit Induced, Contributory, and Willful Infringement Claims Because NetSocket Fails to Allege Pre-Suit Knowledge of the Asserted Patents

It is black letter law that induced, contributory, and willful infringement claims require pre-suit knowledge of the Asserted Patents. *See Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2019 WL 7905455, at *5 (E.D. Tex. Oct. 23, 2019). Here, NetSocket conclusorily alleges that Cisco has had knowledge and notice of the Asserted Patents and their infringement "since before the filing of this Complaint," but provides no factual support for those allegations. *See* Dkt. 1 at ¶¶ 29, 61. Such a speculative and conclusory recitation of pre-suit knowledge is insufficient as a

matter of law to sustain a claim of pre-suit induced, contributory, and willful infringement, which all require knowledge of the Asserted Patents. *Stragent, LLC v. BMW of N. Am., LLC*, Nos. 6:16-cv-446-RWS-KNM, et al., 2017 WL 2821697, at *8 (E.D. Tex. Mar. 3, 2017) (dismissing pre-suit induced infringement claims for failure to provide factual allegations sufficient to support a finding that defendants acted with knowledge of the asserted patent); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."); *NXP USA Inc. v. MediaTek Inc.*, No. 2:21-CV-00318-JRG, 2022 WL 799071, at *3 (dismissing willful infringement claims for failure to allege pre-suit knowledge) (quotations omitted). While this Court construes a complaint in the light most favorable to plaintiff, accepting all well-pleaded facts as true, it cannot "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Accordingly, NetSocket's pre-suit induced, contributory, and willful infringement claims must be dismissed because they fail to allege any basis that Cisco had pre-suit knowledge of the Asserted Patents. *See, e.g.*, *Maxell*, 2019 WL 7905455, at *5 (E.D. Tex. Oct. 23, 2019) (granting motion to dismiss pre-suit induced, contributory, and willful infringement claims based on similarly conclusory statements about pre-suit knowledge of the asserted patent).

   **B.** **NetSocket's Pre- and Post-Suit Induced Infringement Claims Additionally Fail Because NetSocket Insufficiently Pleads Specific Intent**

  Induced infringement further requires that a defendant had the specific intent to induce infringement. *DSU Med. Corp.*, 471 F.3d at 1306. This "requires that the defendant specifically intended for its customers to infringe the asserted patents; it is not enough that an accused inducer merely intends to cause others to perform certain acts which are ultimately found to infringe." *Stragent*, 2017 WL 2821697, at *3 (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754,

766 (2011)).  In *Stragent*, for, example, this Court dismissed the plaintiff's induced infringement claims despite "[g]eneric allegations that [the defendants] provide[d] instructional materials along with [the] accused products," because such conclusory statements "without more, are insufficient to create a reasonable inference of specific intent for purposes of an induced infringement claim." *Id*. at *9 (citation omitted).

Here, NetSocket alleges that Cisco "encourages distributors to sell, offer to sell, and use, and encourages Cisco's customers to use, the Cisco QoS System" (Dkt. 1 at ¶¶ 28, 60), but fails to identify a single piece of evidence, much less an instruction manual or tutorial, demonstrating how Cisco encourages any third party to use the Cisco QoS System in an infringing manner.  Because threadbare recitals of the elements of a cause of action are insufficient to state the necessary intent for a claim of induced infringement, NetSocket's induced infringement claims should be dismissed in their entirety.  *See, e.g.*, *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 6:14-CV-752-JRG-JDL, 2015 WL 12850550, at *4 (E.D. Tex. July 15, 2015), *report and recommendation adopted*, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) (recommending grant of motion to dismiss induced infringement despite threadbare intent allegations that "alleged infringer provides instructional materials along with the accused products").

      **C.**    **NetSocket's Pre- and Post-Suit Contributory Infringement Claims Additionally Fail Because NetSocket Fails to Show that the Component Has No Substantial Noninfringing Use and Is a Material Part of the Invention**

Contributory infringement further requires NetSocket to plead facts plausibly showing "that the component has no substantial noninfringing uses" and "that the component is a material part of the invention."  *Fujitsu Ltd.* 620 F.3d at 1326 (citing 35 U.S.C. § 271(c)).  With respect to pleading non-infringing uses, NetSocket recites this claim element in a purely conclusory fashion, alleging that the Cisco QoS System and IOS System are "not staple articles or commodities of commerce suitable for any substantial non-infringing uses."  Dkt. 1 at ¶¶ 54, 71.  NetSocket's

Complaint does not even bother to make any recitation with respect to the "material part of the invention" element. Because NetSocket fails to allege any plausible facts to support these allegations, its contributory infringement claims must be dismissed in their entirety. *See, e.g., Core Wireless*, 2015 WL 4910427, at *5 (dismissing contributory infringement claim where plaintiff failed to allege facts that the accused products were "especially made or especially adapted for use in an infringement"); *Pat. Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11–cv–229, 2012 WL 9864381, at *5 (E.D. Tex. July 27, 2012) (dismissing contributory infringement claim that "fails to identify the components used in the infringing method" and where the claim "is devoid of any allegation from which the Court can plausibly infer that any components being sold have 'no substantial non-infringing uses'") (citation omitted).

## V. CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court dismiss NetSocket's induced, contributory, and pre-suit willful infringement claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: August 5, 2022							Respectfully submitted,

/s/ Sarah E. Piepmeier
Sarah E. Piepmeier, Bar No. 227094
SPiepmeier@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Tel: 415-344-7000 / Fax. 415-344-7350

Janice L. Ta, Bar No. 24075138
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado Street, Suite 1700
Austin, Texas 78701
Tel: 737-256-6100 / Fax: 737-256-6300

        Helen Y. Zhang, Bar No. 317647 (*Pro Hac Vice*)
        HZhang@perkinscoie.com
        PERKINS COIE LLP
        11452 El Camino Real, Suite 300
        San Diego, CA 92130-2080
        Tel: 858-720-5700 / Fax: 858-720-5893

        Melissa R. Smith, Bar No. 24001351
        GILLAM & SMITH, L.L.P.
        303 South Washington Avenue
        Marshall, Texas 75670
        Telephone: (903) 934-8450
        Facsimile: (903) 934-9257
        Email: melissa@gillamsmithlaw.com

        Attorneys for Defendant Cisco Systems, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on August 5, 2022 to all counsel of record, via the Court's CM/ECF system

        */s/ Sarah E. Piepmeier*
        Sarah E. Piepmeier