UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETSOCKET, INC.,<br><br>    Plaintiff,<br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant. | Case No. 2:22-cv-172-JRG<br><br>JURY TRIAL DEMANDED |

## SEVENTH AMENDED DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| Original Date | Amended Date | Event |
|---|---|---|
| October 28, 2024 | No change | *Jury Selection – 9:00 a.m. in **Marshall, Texas** |
| 7 days before Jury Selection | No change | *Defendant to disclose final invalidity theories, final prior art references/combinations, and final equitable defenses |
| 10 days before Jury Selection | No change | *Plaintiff to disclose final election of Asserted Claims.[1] |
| September 30, 2024 | No change | *If a juror questionnaire is to be used, an editable (in Microsoft Word Format) questionnaire shall be jointly submitted to the Deputy Clerk in Charge by this date.[2] |
| September 17, 2024 | No change | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |

---

[1] Given the Court's past experiences with litigants dropping claims and defenses during or on the eve of trial, the Court is of the opinion that these additional deadlines are necessary.

[2] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire*.

1

| September 4, 2024 | No change | *Notify Court of Agreements Reached During Meet and Confer

The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
|---|---|---|
| September 4, 2024 | No change | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |
| August 27, 2024 | No change | *File Notice of Request for Daily Transcript or Real Time Reporting |
| August 27, 2024 | No change | File Motions *in Limine*

The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| August 27, 2024 | No change | Serve Objections to Rebuttal Pretrial Disclosures |
| August 20, 2024 | No change | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| August 9, 2024 | No change | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| July 30, 2024 | No change | *Response to Dispositive Motions (including *Daubert* Motions). Responses to dispositive motions that were filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e), not to exceed the deadline as set forth in this Docket Control Order.³ Motions for Summary Judgment shall comply with Local Rule CV-56. |

---

³ The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not

2

| | | |
|---|---|---|
| July 16, 2024 | No change | *File Motions to Strike Expert Testimony (including *Daubert* Motions).<br><br>No motion to strike expert testimony (including *Daubert* motion) may be filed after this date without leave of the Court. |
| July 16, 2024 | No change | *File Dispositive Motions<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7.  <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties.</u> |
| July 10, 2024 | No change | Deadline to Complete Expert Discovery |
| June 28, 2024 | July 5, 2024 | Serve Disclosures for Rebuttal Expert Witnesses |
| June 17, 2024 | No change | Deadline to File Motions to Compel Discovery |
| June 12, 2024 | No change | Deadline to Complete Fact Discovery |
| June 12, 2024 | June 16, 2024 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| June 12, 2024 | No change | Deadline for Cisco to reduce invalidity grounds to no more than 6 prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 20 prior art references.  Each obviousness combination counts as a separate prior art reference. |

## ADDITIONAL REQUIREMENTS

**Mediations:** While certain cases may benefit from mediation, such may not be appropriate for every case.  The Court finds that the Parties are best suited to evaluate whether mediation will benefit the case after the issuance of the Court's claim construction order.  Accordingly, the Court **ORDERS** the Parties to file a Joint Notice indicating whether the case should be referred for

---

controvert the facts set out by movant and has no evidence to offer in opposition to the motion." If the deadline under Local Rule CV 7(e) exceeds the deadline for Response to Dispositive Motions, the deadline for Response to Dispositive Motions controls.

3

mediations **within fourteen days of the issuance of the Court's claim construction order**. As a part of such Joint Notice, the Parties should indicate whether they have a mutually agreeable mediator for the Court to consider. If the Parties disagree about whether mediation is appropriate, the Parties should set forth a brief statement of their competing positions in the Joint Notice.

**Summary Judgment Motions, Motions to Strike Expert Testimony, and *Daubert* Motions:** For each motion, the moving party shall provide the Court with two (2) hard copies of the completed briefing (opening motion, response, reply, and if applicable, sur-reply), excluding exhibits, in D-three-ring binders, appropriately tabbed. All documents shall be single-sided and must include the CM/ECF header. These copies shall be delivered to the Court within three (3) business days after briefing has completed. For expert-related motions, complete digital copies of the relevant expert report(s) and accompanying exhibits shall be submitted on a single flash drive to the Court. Complete digital copies of the expert report(s) shall be delivered to the Court no later than the dispositive motion deadline.

**Indefiniteness:** In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Lead Counsel:** The Parties are directed to Local Rule CV-11(a)(1), which provides that "[o]n the first appearance through counsel, each party shall designate a lead attorney on the pleadings or otherwise." Additionally, once designated, a party's lead attorney may only be changed by the filing of a Motion to Change Lead Counsel and thereafter obtaining from the Court an Order granting leave to designate different lead counsel. The true lead counsel should be designated early and should not expect to parachute in as lead once the case has largely been developed.

**Motions for Continuance:** The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)     The fact that there are motions for summary judgment or motions to dismiss pending;

(b)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)     The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to Docket Control Order ("DCO"):** Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed dated column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**Proposed DCO:** The Parties' Proposed DCO should also follow the format described above under "Amendments to the Docket Control Order ("DCO")."

**Joint Pretrial Order:** In the contentions of the Parties included in the Joint Pretrial Order, the Plaintiff shall specify all allegedly infringed claims that will be asserted at trial.  The Plaintiff shall also specify the nature of each theory of infringement, including under which subsections of 35 U.S.C. § 271 it alleges infringement, and whether the Plaintiff alleges divided infringement or infringement under the doctrine of equivalents.  Each Defendant shall indicate the nature of each theory of invalidity, including invalidity for anticipation, obviousness, subject-matter eligibility, written description, enablement, or any other basis for invalidity. The Defendant shall also specify each prior art reference or combination of references upon which the Defendant shall rely at trial, with respect to each theory of invalidity.  The contentions of the Parties may not be amended, supplemented, or dropped without leave of the Court based upon a showing of good cause.

**Trial:** All parties must appear in person at trial.  All non-individual (including but no limited to corporate) parties must appear at trial through the presence in person of a designated representative.  Once they have appeared, any representative of a non-individual party shall not be replaced or substituted without express leave of Court.